IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | § | |
|     Plaintiff, | § | |
| | § | |
| v. | § | Cr. No. C-00-407 |
| | § | C.A. No. C-08-292 |
| | § | |
| JOSE GUADALUPE ORTIZ, | § | |
|     Defendant. | § | |

**ORDER DISMISSING WITHOUT PREJUDICE
MOTION TO VACATE, SET ASIDE OR CORRECT SENTENCE,
ORDER DIRECTING CRIMINAL JUDGMENT TO BE RE-ENTERED
FOR PURPOSES OF APPEAL, AND ORDER APPOINTING COUNSEL ON APPEAL**

Pending before the Court is Jose Guadalupe Ortiz's motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255. (D.E. 100.)[1] On June 25, 2009, the Court held an evidentiary hearing to address Ortiz's claim that his counsel abandoned him on appeal. The Court heard testimony from Ortiz and his prior attorney, Jesus Maria "Chuy" Alvarez.

For the reasons set forth by the Court at the conclusion of the hearing, and based on: (1) the testimony at the hearing; (2) the record in this case, including the proceedings before the Fifth Circuit; and (3) the concession of the United States, the Court finds that Ortiz was denied effective assistance of counsel on appeal. Specifically, the Court finds that the record fully supports Ortiz's contention that counsel filed a motion seeking the dismissal of his appeal without Ortiz's permission and contrary to Ortiz's stated intentions. This conduct constituted blatant deficiency by counsel.

Additionally, this action by counsel clearly deprived Ortiz of the opportunity to have the Fifth Circuit consider his case on appeal. Thus, the Court finds that he has established prejudice,

---

[1] Docket entry references are to the criminal case, Cr. No. C-00-407.

as well. Roe v. Flores-Ortega, 528 U.S. 470, 484 (2000) ("[W]hen counsel's constitutionally deficient performance deprives a defendant of an appeal that he otherwise would have taken, the defendant has made out a successful ineffective assistance of counsel claim entitling him to an appeal.");[2] see also Rodriguez v. United States, 395 U.S. 327, 330 (1969) (a *pro se* movant need not state the grounds on which he would have appealed, had the opportunity not been denied).

As to the proper remedy, the Court concludes that Ortiz is entitled to an out-of-time appeal as to both this case, and his related case, Cr. C-05-cr-257.[3] An out-of-time appeal is the proper remedy to rectify the deficiencies by his counsel. See United States v. West, 240 F.3d 456 (5th Cir. 2001). Accordingly, the Court directs the Clerk to reinstate Ortiz's criminal judgment of revocation in this case, Docket Entry 73. See West, 240 F.3d at 459 (5th Cir. 2001) ("when leave to file an out-of-time appeal is granted, the district court should *reinstate* the criminal judgment to trigger the running of a new Rule 4(b) appeal period.") (emphasis in original). Ortiz has 10 days in which to appeal. Additionally, the Court appoints the Office of the Federal Public Defender to represent Ortiz on appeal.

Ortiz's motion under 28 U.S.C. § 2255 is DISMISSED WITHOUT PREJUDICE as to his claim that counsel abandoned him on appeal. See West, 240 F.3d at 460 (clarifying that "part of the

---

[2] As noted in the Order setting the hearing in this case, Roe involved counsel's failure to file a Notice of Appeal, while in this case, Ortiz filed a *pro se* notice of appeal, but alleges that his appointed counsel dismissed his appeal without his permission. Nonetheless, the end result is the same. As this Court stated: "Unlike in other cases where a defendant's counsel filed either a merits brief or an Anders brief, no brief was ever filed in the instant case. Thus, the defendant here, as in Roe, was allegedly deprived of an 'appellate proceeding altogether.' See Roe, 528 U.S. at 483." (D.E. 108 at 4-5.)

[3] Additionally, as set forth in the Court's Order setting a hearing in Cr. No. C-05-257, Ortiz filed a timely pro se notice of appeal in that case, which was never docketed as such. Although that document did not contain a case number, it clearly sought to appeal both his sentence in the instant case and in Cr. No. C-05-257. The Clerk should have docketed the document as a Notice of Appeal in both cases, but failed to do so. Ortiz is entitled to an appeal in that case on this ground, as well.

procedure for granting an out-of-time direct criminal appeal is dismissing the § 2255 motion without prejudice"); United States v. Joubert, 273 F.3d 1099, 1099 (5th Cir. 2001) (unpublished) (vacating the district court's grant of § 2255 relief and remanding with instructions for district court to dismiss the § 2255 motion without prejudice and to re-enter its sentencing judgment so that the defendant could pursue an out-of-time appeal).

Similarly, it is unnecessary for the Court to address Ortiz's other claims until after the resolution of his direct appeal. Welsh v. United States, 404 F.2d 333, 333 (5th Cir. 1968), abrogated on other grounds, United States v. Ortega, 859 F.2d 327, 334 (5th Cir. 1988) ("[a] motion to vacate sentence under 28 U.S.C. § 2255 will not be entertained during the pendency of a direct appeal, inasmuch as the disposition of the appeal may render the motion moot").

## CONCLUSION

For the reasons set forth above, the Clerk is directed to re-enter Ortiz's criminal judgment of revocation (D.E. 73) as of the date of this Order. Ortiz has ten days in which to file a Notice of Appeal, and Office of the Federal Public Defender is hereby appointed to represent Ortiz on the appeal from his sentence of revocation. Finally, Ortiz's § 2255 motion (D.E. 100) is DISMISSED WITHOUT PREJUDICE.

It is so ORDERED this 26th day of June, 2009.

_____
Janis Graham Jack
United States District Judge